UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-CV-25141-GAYLES

AR FAMILY INVESTMENTS, LLC,

       Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

       Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Scottsdale Insurance Company's Amended Motion for Partial Summary Judgment for Lack of Coverage Contents (the "Motion"). [ECF No. 31]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## BACKGROUND

This action is an insurance coverage dispute over damage to the insured's property following Hurricane Irma.

**I.      The Loss, Appraisal, and Litigation**

On September 10, 2017, Hurricane Irma caused damage to Plaintiff AR Family Investments, LLC's two warehouses (the "Buildings"). [ECF No. 30 ¶ 2]. At that time, Defendant Scottsdale Insurance Company insured Plaintiff under a commercial insurance policy (the "Policy"). [ECF No. 14-1].

On November 2, 2018, Plaintiff filed this action alleging Defendant breached the Policy by failing to fully pay Plaintiff's losses. [ECF No. 1-1].[1] On Defendant's motion, the Court abated the litigation while the parties completed an appraisal in accordance with the Policy. [ECF No. 6]. On August 5, 2019, the appraisal panel entered an appraisal award of $601,106.38 for the Buildings. [ECF No. 8-1]. The appraisal panel did not consider the contents of the Buildings when issuing the award. [ECF No. 30, ¶ 4]. Defendant paid Plaintiff the appraisal award (less prior payments and deductibles) and moved to dismiss the action with prejudice based on its timely payment of the appraisal award. [ECF No. 8]. Plaintiff opposed dismissal and argued that because the appraisal did not address its claims for personal property or loss of use, those issues remained to be litigated. [ECF No. 9]. The Court denied the motion to dismiss and directed Plaintiff to file a bill of particulars identifying the personal property it contended was damaged by Hurricane Irma. [ECF Nos. 17, 18].[2]

Defendant now moves for partial summary judgment arguing the Policy does not cover Plaintiff's claims for loss of the contents of the Buildings, including stock and furniture.[3]

## II.    The Policy

The Policy provides in relevant part:

A.    Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

---

[1] Plaintiff filed the action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On December 7, 2018, Defendant removed the action to this Court on the basis of diversity jurisdiction. [ECF No. 1].

[2] Although Plaintiff did not file a bill of particulars with the Court, it did file a list of items damaged by Hurricane Irma. The inventory includes food items and furniture.

[3] Defendant also argued that the Policy does not cover loss of business income or damages from mechanical breakdown. In response, Plaintiff stated that it was only seeking coverage for stock and furniture. [ECF No. 33 at 3] ("[T]he items subject to Plaintiff's contents claim are furniture and stock . . .").

      1.     Covered Property

Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2. Property Not Covered, *if a Limit of Insurance is shown in the Declarations for that for that type of property*.

    a.  Building, meaning the building or structure described in the Declarations, including:

* * *

    (4) Personal property owned by you that is used to maintain or service the building or structure or its premises . . .

* * *

    b.  Your Business Personal Property consists of the following property located in or on the building or structure described in the Declarations . . .

    (1) Furniture and fixtures
    (2) Machinery and equipment
    (3) "Stock"

[ECF No. 14-1 at 63] (emphasis added)

The declarations page for the Policy indicates premiums and limits of insurance as follows:

| Prem. No. | Bldg No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|-----------|----------|----------|--------------------|------------------------|--------|
| 001 | 001 | Building | 387,500 | Special | 80% |

* * *

| Prem. No. | Bldg No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
|-----------|----------|----------|--------------------|------------------------|--------|
| 002 | 001 | Building | 387,500 | Special | 80% |

*Id.* at 54.

## DISCUSSION

### I.      Summary Judgment Standard

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

### II.      General Principles of Insurance Policy Construction

Under Florida law, interpretation of an insurance policy is a question of law to be decided by the court. *Canal Indem. Co. v. Margaretville of NSB, Inc.*, 562 F. App'x 959, 961 (11th Cir.

2014). "Insurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage." *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So. 2d 871, 877 (Fla. 2007). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (citation and internal quotation marks omitted). "If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous." *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 291 (Fla. 2007) (quoting *Auto–Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000)). "Ambiguities in insurance contracts are interpreted against the insurer and in favor of the insured." *Id*. "A provision is not ambiguous simply because it is complex or requires analysis." *Id*.

The Court applies a burden-shifting framework when the parties dispute coverage and exclusions under a policy. "In Florida, the insured has the burden of proving facts that bring its claim within an insurance policy's affirmative grant of coverage." *Homeowners Choice Property & Casualty v. Miguel Maspons*, 211 So. 3d 1067, 1068 (Fla. 3d DCA 2017). If the insured establishes "a loss apparently within the terms of the policy, the burden shifts to the insurer to prove an exclusion applies." *Divine Motel Group, LLC v. Rockhill Ins. Co.*, 655 F. App'x. 779, 782 (11th Cir. 2016) (internal quotation omitted). If the insurer establishes that an exclusion applies, the burden shifts back to the insured to prove an exception to the exclusion. *See id*.

### III.     Coverage Under the Policy

The only dispute in this action is whether the contents of the Buildings—inventory and furniture—are covered under the Policy.[4] The Court finds that the contents are not covered. The Policy expressly provides that "Covered Property . . .  means the type of property described in [Section A.1.] *if a Limit of Insurance is shown in the Declarations for that type of property*. [ECF No. 14-1 at 63]. Although furniture (A.1.b.(1)) and stock (A.1.b.(2)) are listed as covered property in Section A.1., the Policy's declarations only include a description of, and a limit of insurance for, the Buildings. There is no description or separate limit of insurance for furniture, stock, or any other personal property.[5] As a result, there is no coverage under the Policy for the contents of the Buildings.[6]

### CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant Scottsdale Insurance Company's Amended Motion for Partial Summary Judgment for Lack of Coverage Contents [ECF No. 31] is **GRANTED**.

2.      The Court will enter a separate judgment.

3.      This action is **CLOSED**, and all pending motions are **DENIED** as moot.

---

[4] Plaintiff has not argued that any of the contents of the building were "*used to maintain or service the building or structure or its premises*" such that they would be covered under the Building Coverage at Section A.1.a.(4).
[5] Therefore, even if the Court accepted Plaintiff's reading of the Policy, any amounts recoverable for the loss of furniture and stock would be capped at the $387,500 (minus any deductibles) insurance limit for each Building. Based on the amount of the appraisal award ($601,106.38), this coverage dispute may be moot.
[6] Plaintiff argues that Defendant failed to point to any exclusions under the Policy limiting coverage for contents. Plaintiff's argument misses the mark. Defendant is only required to prove an exclusion if Plaintiff meets its burden of establishing coverage—which it has not. *See Divine Motel Group, LLC v. Rockhill Ins. Co.*, 655 F. App'x. 779, 782 (11th Cir. 2016) (internal quotation omitted).

**DONE AND ORDERED in Chambers at Miami, Florida, this Friday, September 30, 2022.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Pearl Levy, Esquire
       Andrew P. Rock, Esquire